# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Morris

June 18, 1999

Case No. CF990026

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Motion to Strike the Commonwealth's evidence regarding the habitual offender charge in the indictment. The motion was taken under advisement during Defendant's jury trial.

The Motion to Strike will be denied.

Defendant argues that the indictment charges the offense of driving after having been "adjudicated" an habitual offender, and the evidence shows that he was "determined" to be an habitual offender by the Commissioner of the Department of Motor Vehicles. He argues that the two methods of declaring a person an habitual offender differ statutorily, create different notice obligations, and offer different remedies for the finding. However, the statute in question, Code of Virginia, § 46.2-357(B), requires only that the driving be done by one who has been "found" to be an habitual offender, thus evidencing a legislative indifference to the manner in which the finding is made. Since the Commonwealth proves actual notice to Defendant, no prejudice has resulted from the indictment's use of the word "adjudicated." The elements of the offense to be proved by the Commonwealth remain the same. The legal term "adjudicated" is surplusage in the indictment.

Next, Defendant argues that notice of his determination had not been sent to the address contained in the Department's records. He refers to a March 1997 traffic summons signed by Defendant with a different address from the

one to which the notice was mailed. He claims that this should have been his address of record in December 1997 when the notice was mailed. The evidence does not support this claim.

Further, he argues that there is no evidence of a certified mailing as required by Code of Virginia § 46.2-352. Since the actions of the Commissioner are entitled to a presumption of regularity and since the record shows the notation "order mailed," at this stage, the presumption is sufficient to overrule the motion. Since Defendant offered no evidence to show a non-certified mailing, his motion must fail.